JOHN GEERY and EDWARD C. GEERY, Appellants, *v.* EDWARD E. POLLOCK, Respondent.

*Real estate broker — a customer cannot arbitrarily desert his broker in order to avoid paying commissions — when a broker authorized to sell property may collect commissions from the purchaser.*

While it is a rule of law that, where no time for the continuance of a contract between a broker for the sale of real estate and his customer is fixed, either party is at liberty to terminate the employment at will, provided he acts in good faith, yet the customer cannot arbitrarily desert his broker, purchase the property of the owner at the same price as that named by the broker, and in

this manner deprive the broker of commissions which the customer had agreed to pay him and which he had already in effect earned.

A real estate broker cannot accept commissions from both sides, but he may recover them from a customer who purchases real estate with knowledge that the broker has the property for sale as a broker, and is authorized to sell it at a price considerably in advance of the price at which the customer purchases it.

APPEAL by the plaintiffs, John Geery and another, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of New York on the 13th day of June, 1896, upon the dismissal of their complaint directed by the court after a trial at a Trial Term of the Supreme Court held in and for the county of New York, and also from an order entered in said clerk's office on the 12th day of June, 1896, denying the plaintiffs' motion for a new trial made upon the minutes.

*Walker R. Beach,* for the appellants.

*William H. Harris* and *Adam Wiener,* for the respondent.

PARKER, J. :

The dismissal of the complaint at the close of plaintiff's case was error.

The plaintiffs had proved their employment by the defendant to bring about a sale to him of certain premises situated on the southeast corner of Seventy-ninth street and Amsterdam avenue, then owned by Robert Wallace, and their efforts in that direction, which, in part, consisted in the procurement of an offer from Mr. Wallace to sell the premises for $47,500.

On the 12th day of December, 1893, the defendant called at the office of the plaintiffs and inquired what progress the plaintiffs had made, and was advised that they had procured an offer to sell the premises for $47,500. The defendant said he would not pay so much for the property, and would not pay more than $46,000 for it. After leaving the plaintiffs' office the defendant went directly to Mr. Wallace, who testified : " We talked on and the conversation went along anyhow, and I sold the lots to him for $47,500, and he was to receive $500 for commissions." The testimony of Wallace was uncontradicted, and, considered in connection with all the other evidence in the case, authorized a finding by the jury that defendant agreed to pay for the property the sum which plaintiffs had pro-

cured an offer to sell it for, and that the negotiations with Wallace were undertaken by defendant for the sole purpose of depriving the plaintiffs of their commissions and securing the seller's commissions to himself.

It is the rule undoubtedly that, where no time for the continuance of the contract between the broker and his principal is fixed, either party is at liberty to terminate it at will, acting in good faith. (*Sibbald* v. *Bethlehem Iron Co.*, 83 N. Y. 378.) But in this case the jury were at liberty to find that the defendant did not act in good faith, and that when he entered the office of the plaintiffs on the twelfth of December and informed them that he would not pay more than $46,000 for property which on the same day he agreed to pay $47,500 for, his purpose was to deprive the plaintiffs of the commissions which he had agreed to pay.

It appears from the testimony of one of the plaintiffs that Mr. Wallace had placed this property with them for sale prior to the defendant's offer to pay the plaintiffs a commission for purchasing it, and that plaintiffs expected a commission from the seller. The respondent, therefore, urges that under the rule of *Rowe* v. *Stevens* (53 N. Y. 621) and *Lansing* v. *Bliss* (86 Hun, 205) the plaintiffs cannot recover of this defendant in any event, and as the point was raised on the motion for a nonsuit the judgment should stand.

The difficulty with defendant's contention in this respect is that the testimony of one of the plaintiffs tends to show that the defendant was advised by the witness at the time when defendant offered to pay him a commission that the plaintiffs had the property for sale as brokers and were authorized to offer it for $50,000.

There was at least sufficient evidence bearing in that direction to permit the jury to so find, and if found in plaintiff's favor the alleged double employment would not have constituted a defense to this action.

The judgment should be reversed and a new trial granted, with costs to appellants to abide the event.

VAN BRUNT, P. J., WILLIAMS, O'BRIEN and INGRAHAM, JJ., concurred.

Judgment reversed, new trial ordered, costs to appellants to abide event.